IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL WATSON and SHANNON, WATSON )<br>　　　　Plaintiffs, )<br>)<br>v. )<br>)<br>FLAGSHIP FINANCIAL GROUP, LLC )<br>and SALLY A. FARRAR, )<br>)<br>　　　　Defendants. ) | Case No. _____ |

## NOTICE OF REMOVAL OF FLAGSHIP FINANCIAL GROUP, LLC

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 defendant Flagship Financial Group, LLC ("Flagship"), through counsel, hereby removes this action from the State Court for the State of Georgia, Cobb County ("State Court"), in which court the cause of action was filed, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, Flagship states as follows:

1.　　Flagship exercises its right under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court, in which the court case was filed under the name and style, Michael Watson and Shannon Watson v.

<u>Flagship Financial Group, LLC and Sally A. Farrar</u>, Civil Action No. 2010 A 8109-2.

2. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. This is a civil action that was instituted in the State Court, and has not been tried. On or about August 18, 2010, plaintiffs Michael Watson and Shannon Watston ("plaintiffs" or "the Watsons") filed a Complaint in the State Court against Flagship and Sally A. Farrar ("Farrar").

4. Plaintiffs served a copy of a Summons and the Complaint on Flagship on September 15, 2010. A true and correct copy of the Complaint served on Flagship is attached hereto as <u>Exhibit A</u>. A true and correct copy of the Summons served on Flagship is attached hereto as <u>Exhibit B</u>.

## SUBJECT MATTER JURISDICTION

### Federal Question Jurisdiction Exists Pursuant To 28 U.S.C. § 1331

5. The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below:

6. Pursuant to 28 U.S.C. § 1331, one or more causes of action in the Complaint arise under the laws of the United States.

7. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Removal here is proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, over plaintiffs' claims arising under federal law.

9. Specifically, plaintiffs' Complaint purports to assert claims under: (a) Georgia's Racketeering Influenced and Corrupt Organizations Act ("RICO"), pursuant to O.C.G.A. § 16-4-1, et seq. (Complaint, Count 1); (b) Georgia's residential mortgage fraud statute, pursuant to O.C.G.A. § 16-8-102 (Complaint, Count 2); and (c) Georgia's punitive damages statute, pursuant to O.C.G.A § 51-12-5.1(b) (Complaint, Count 3). The Complaint further alleges violations of: (a) 18 U.S.C. § 1341, mail fraud (Complaint at 6:34(b)); (b) 18 U.S.C. § 1343, wire fraud (Complaint at 6:34(c)); and (c) 38 CFR 36.4312, Department of Veterans Affairs guidelines, charges and fees ("VA guidelines") (Complaint at 9:50).

10. Plaintiffs' allegations of mail fraud and wire fraud under federal law (18 U.S.C. §§ 1341, 1343) are premised on violations of the VA guidelines.

Complaint at ¶¶ 22, 50, 60.  A violation of the federal mail and wire fraud statutes is an essential element of the plaintiffs' cause of action under the Georgia RICO statute, the proof of which involves resolution of a substantial, disputed question of federal law.  See Ayres v. General Motors Corp., 234 F.3d 514, 518 (11th Cir. 2000) (holding that federal mail and wire fraud claims under Georgia RICO statute, premised on underlying violation of the federal Safety Act, contained a federal issue as an essential element of the claim)

   11. Resolution of plaintiffs' state RICO claims will require the Court to decide whether or not an alleged violation of the VA guidelines constitutes a violation of the federal mail or wire fraud statutes.  See Brown v. First Tennessee Bank National Association, No. 1:09-cv-0679, 2009 U.S. Dist. LEXIS 127503, at *36 (N.D. Ga. Nov. 20, 2009) (Martin, J.) (a true and correct copy of the Brown decision is attached to this Notice as Exhibit C) (dismissing federal RICO claim in similar lawsuit and stating that, "at its core, [the plaintiff's] RICO claim is an attempt to enforce the VA regulations, for which Congress has not afforded a private cause of action, but instead authorized the Secretary of Veterans Affairs to enforce administratively"); see also Grable & Sons Metal Products v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (finding federal question where interpretation of federal tax statute was essential to resolution of state law claim).

12. Plaintiffs' claims thus present a substantial federal question sufficient to confer federal jurisdiction. Accordingly, plaintiffs' alleged claims arise under federal law within the meaning of 28 U.S.C. § 1331, and thus the instant action is properly removed to this Court.

13. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other of plaintiff's claims against defendants as to which the Court may not have original jurisdiction under 28 U.S.C. § 1331.

## PROCEDURAL COMPLIANCE

14. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Flagship of a copy of the summons and the initial pleadings setting forth the claim for relief on which this removal is based.

15. Pursuant to 28 U.S.C. § 1441 et seq., the right exists to remove this case from the State Court, to the United States District Court for the Northern District of Georgia, Atlanta Division, which embraces the place where the action is pending.

16. The United States District Court for the Northern District of Georgia, Atlanta Division, embraces the county in which the state court action is now

pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 90(a)(2).

17. No previous application has been made for the relief requested herein.

18. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached as <u>Exhibit A</u> is a copy of the Complaint bearing Civil Action No. 2010 A 8109-2, filed in the State Court, and attached as <u>Exhibit B</u> is a copy of the Summons.

19. Further, as of October 15, 2010, no return of service for defendant Farrar has been filed with the State Court. Accordingly, removal is proper even without Farrar's consent. <u>See</u>, <u>e.g.</u>, <u>In re Managed Care Litig.</u>, No. 00-1334-MD, 2009 WL 413512, at *3 (S.D. Fla. Feb. 19, 2009) (noting that consent is only required from defendants who have been "served at the time of filing the petition" for removal). In any event, counsel for Farrar has indicated that her consent will be forthcoming when and if she is served with a copy of the summons and complaint.

20. Written notice of the filing of this Notice of Removal will be served upon defendant Farrar and plaintiffs, <u>in pro per</u> by First Class United States Mail, postage prepaid, at the address listed in the Complaint.

21. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon defendant Farrar

and plaintiffs <u>in</u> <u>pro</u> <u>per</u>.  A copy of this Notice, without exhibits, is attached hereto as <u>Exhibit D</u>.

WHEREFORE, Flagship hereby removes this case from the State Court to this Court.

Respectfully submitted this 15th day of October, 2010

<u>s/ Christopher S. Anulewicz</u>
Christopher S. Anulewicz
canulewicz@balch.com
Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, NW - Suite 700
Atlanta, GA  30308

Irene C. Freidel (pending *pro hac vice*)
irene.freidel@klgates.com
Brian R. Vaughn Martel (pending *pro hac vice*)
brian.vaughnmartel@klgates.com
K&L Gates LLP
State Street Financial Center
Boston, MA  02111-2950
(617) 261-3100 (phone)
(617) 261-3175 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served upon the following by causing a copy of same to be electronically filed with the Clerk of Court using the CM/ECF system and by United States Mail, properly addressed and postage prepaid, on this the 15th day of October, 2010, as follows:

Jason L. Crawford, Esq.
J. Clay Fuller, Esq.
Dustin Brown, Esq.
DAUGHTERY, CRAWFORD,
FULLER & BROWN, LLP
1430 Wynnton Road
Columbus, Georgia 31902

Sally A. Farrar
1701 Barrett Lake Boulevard
Suite 510
Kennesaw, Georgia 30144

                                              s/ Christopher S. Anulewicz
                                              Christopher S. Anulewicz